```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**CECIL RAY DRYMON**                                                **PLAINTIFF**

v.                         CIVIL NO. 5:11-cv-5167

**ARKANSAS STATE HOSPITAL**                                          **DEFENDANT**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff in this action, Cecil Ray Drymon, has filed a Motion to Proceed *in forma pauperis* ("IFP")(Doc. 4), and has commenced this case by filing a pleading entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Doc. 1).

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

### I.   BACKGROUND

The following facts were presented to the Court in Plaintiff's Complaint (Doc. 1). Plaintiff states he is suing the defendant for violation of his due process rights, because he remained at the Benton County Jail after he was ordered and sentenced to the State Hospital. (Id.) Plaintiff states he was held "for about five," which the Court interprets to mean about five months, given that the Order committing Plaintiff to the State Hospital (Doc. 5), was

entered in February of 2011, and Plaintiff filed his lawsuit in July of 2011 – a difference of approximately five months.

Plaintiff was committed to the custody of the Director of the Department of Human Services pursuant to Arkansas Code Annotated § 5-2-310, after a determination was made that Plaintiff lacked the fitness to proceed as a defendant in state court on criminal charges.  (Id.)  The Benton County Detention Facility was ordered to detain Plaintiff until he was transported to the Arkansas State Hospital.  (Id.)

In the portion of the Complaint form which asked Plaintiff to state the relief he sought, he stated "file a lawsuit against the state hospital."  (Doc. 1, ¶ VIII).

**II. DISCUSSION**

Because Plaintiff is seeking to proceed IFP, the Court must first determine whether the plaintiff qualifies for such status under 28 U.S.C. § 1915(a).  In reviewing Plaintiff's IFP application (Doc. 4), he states that he receives about $700.00 a month in disability payments, but his institution of incarceration certified he had a balance of zero in his inmate account. Accordingly, it does appear that Plaintiff qualifies for IFP status due to his economic circumstances and his Motion to Proceed IFP (Doc. 4) is, therefore, **GRANTED**.

The Court must next determine whether the cause of action stated in the complaint is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. See West v. Atkins, 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,  129 S. Ct. 1937, 1949-50 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. While pro se complaints are to be construed liberally, courts must still apply the "plausibility standard." See Ventura-Vera v. Dewitt, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

Plaintiff's Complaint names as Defendant the Arkansas State Hospital, which is owned and operated by the Arkansas Department of Health and Human Services, Division of Behavioral Health Services, a department of the executive branch of the State of Arkansas. The

Eleventh Amendment bars such suits against a state unless the state has waived that immunity or Congress has abrogated it under § 5 of the Fourteenth Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).

The State of Arkansas has not waived its immunity, and Congress has not abrogated Arkansas' Eleventh Amendment immunity under 42 U.S.C. § 1983. Id. (citing Quern v. Jordan, 440 U.S. 332, 345 (1979)); see also Murphy v. State of Arkansas, 127 F.3d 750 (8th Cir. 1997) ("[I]t is well settled that the Eleventh Amendment bars Murphy's claims against the State of Arkansas and its two agencies, the Employment Security Department and the Department of Finance and Administration. . ..). "The Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees." Murphy, 127 F.3d at 755 (citing Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Moreover, a state is not a "person" under Section 1983. Will, 491 U.S. 58, 71 (1989).

### III. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion to Proceed IFP (Doc. 4) be **GRANTED**, but that Plaintiff's Complaint (Doc. 1) be **DISMISSED IN ITS ENTIRETY** as it is frivolous, fails to state a claim, and seeks relief from a Defendant who is immune from such relief.  See 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b).  I further recommend that this case be considered as a "strike" for purposes

of 28 U.S.C. § 1915(g), and the District Court Clerk be directed to place the appropriate case flag on this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 7th day of November 2011.**

>                         /s/ ERIN L.  SETSER
>                         HON.  ERIN L.  SETSER
>                         U.S.  MAGISTRATE JUDGE